IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID FULTON, Administrator of the
Estate of Deborah Cunningham,

                Plaintiff,          Case No. 3:08 CV 306

-vs-

                                    <u>MEMORANDUM OPINION</u>

GREG FULTON, et al.,                      <u>AND ORDER</u>

                Defendant.

KATZ, J.

      This matter is before the Court on Commercial Savings Bank's motion to set aside the lien of the Internal Revenue Service's ("IRS" or "Federal Defendant"). (Doc. 3.) This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1346.

**I.    Background**

      On April 29, 2002 Federal Defendant filed a Notice of Federal Tax Lien in the amount of $23,768.41 against real property owned by Ledo, Inc. ("Ledo"). Ledo was a corporation jointly owned by Plaintiffs David Fulton (Administrator) and the Estate of Deborah Cunningham, deceased. On July 30, 2003, the IRS filed a subsequent Notice of Federal Tax Lien in the amount of $29,429.72 against the same property owned by Ledo. On August 6, 2003, Commercial Savings recorded a mortgage on the Ledo property in the principal amount of $70,000. The IRS received payment in the amount of $41,323.00 in satisfaction of the initial April 9, 2002 lien, to include penalties and interest, and issued a certificate of release for this lien on August 20, 2003.

      On August 3, 2007, Plaintiff filed a Complaint to Sell Real Estate in the Probate Court of Sandusky, Ohio. The United States Attorney's Office in Toledo, Ohio, received Plaintiff's

Complaint of January 10, 2008. On January 29, 2008 Defendant Commercial Savings Bank filed its Motion to Set Aside the IRS's lien of $29,429.72. On February 7, 2008, Federal Defendant filed a Notice of Removal from state court to the United States District Court for the Northern District of Ohio.

## II.     Discussion

Defendant Commercial Savings argues its mortgage lien, recorded on August 6, 2003, should take priority over the IRS's tax lien. Where there is no statutory provision to the contrary, as in the present case, the doctrine of "first in time, first in right" is applicable to federal tax liens. *See United States v. City of New Britain*, 347 U.S. 81 (1954).

Commercial Savings argues that, although its mortgage lien of August 6, 2003 was recorded after the IRS's tax lien of July 30, 2003, the theory of equitable subrogation should give its lien priority over that of the IRS. Federal Defendant argues the theory of equitable subrogation is inapposite to the case at bar because Commercial Savings' claim revolves around its allegation that the IRS misled Miss Cunningham, Mr. Fulton, and Commercial Savings to believe their tender of $41,323.00 would clear up all of the outstanding tax indebtedness to the IRS. Plaintiff argues the motion to set aside or vacate the lien of the IRS should not be granted because misunderstanding is not grounds for setting aside a lien and there is no equitable subrogation issue in the case at bar.

State law governs a taxpayer's interest in real property, while federal law governs the priority of a federal tax lien over competing interests in real property. Ohio Rev. Code § 5301.23 sets forth the general rule that the first mortgage presented and recorded has preference over a subsequently presented and recorded mortgage. The priority of a mortgage is determined by

reviewing the recording chronology. Equitable subrogation can overcome the general statutory rule. Equitable subrogation (also known as legal subrogation) arises by operation of law when one having a liability or right or a fiduciary relation pays a debt by another when he is entitled to the security or obligation of the creditor he has paid. *Wash. Mut. Bank, FA v. Aultman*, 172 Ohio App. 3d 584 (Ohio Ct. App. 2007). To be entitled to equitable subrogation, the equity must be strong and the case clear. *Id.* The doctrine does not apply when a party "has failed to act in conformity with ordinary and reasonable practices to establish their first priority." *Old Republic National Title Insurance Co. v. Fifth Third Bank*, 2008 WL 1914297 (Ohio Ct. App. 2008).

Parties seeking equitable subrogation must follow reasonable practices to protect their interests. *State v. Jones*, 61 Ohio St. 2d 99 (Ohio 1980). If the moving party was in complete control and failed to secure priority of lien because of their own actions or inactions, equitable subrogation will not apply. *Id.*; *Keybank Natl. Assn. v. GMAC Mortgage Corp.*, 2003-Ohio-6651 (Ohio Ct. App. 2003). Equitable subrogation will not apply if the movant failed to secure priority of lien as a result of conduct contrary to ordinary business practices. *Fort Dodge Building and Loan Assoc. v. Scott*, 86 Iowa 431 (Iowa 1983); *Washington Mutual Bank v. Loveland*, 2005-Ohio-1542 (Ohio Ct. App. 2005).

The theory of equitable subrogation "is used to prevent unjust enrichment." *Federal Nat'l Mortgage Ass'n v. Webb*, Case No. 2005CA0013, 200 Ohio App. LEXIS 3513, at *11 (Ohio Ct. App. 2006). It arises in situations where a lien holder pays a prior lien without discovering a subsequent, intervening lien. *State of Ohio, Dep't of Taxation v. Jones*, 399 N.E.2d 1215, 1219 (Ohio 1980). In such a situation, the lien holder who paid the prior lien "is not guilty of such negligence as will prevent his being subrogated to the prior lien as against the intervening lienor,

3

especially where subrogation leaves the latter no worse off than he would have been had the prior lien not been paid. In *Bank of New York v. Fifth Third Bank of Cent. Ohio*, 2002 Ohio 352 (Ohio Ct. App. 2002), the court considered the applicability of equitable subrogation on an unjust enrichment claim. In order to recover under a theory of unjust enrichment, plaintiff must prove by a preponderance of the evidence that: 1) the plaintiff conferred a benefit upon the defendant; 2) the defendant had knowledge of such benefit; 3) under circumstances where it would be unjust for him to retain the benefit without payment. *Id.* citing *Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179 (Ohio 1984).

The priority of federal tax liens is governed by statue. *See* 26 U.S.C. § 6323; *United States v. City of New Britain*, 347 U.S. 81 (1954). Under 26 U.S.C. § 6323(i)(2), subrogation requires that "where, under local law, one person is subrogated to the rights of another with respect to any lien or interest, such person shall be subrogated to such rights for purposes of any lien imposed by § 6321 or § 6324." The Ohio Supreme Court has held that one person is subrogated to certain rights of another person where he is substituted in the place of such other person so that he succeeds to those rights of the other person. *Aetna Casualty & Surety Co. v. Hensgen*, 22 Ohio St.2d 83, 89-91 (Ohio 1970).

In this case, the theory of equitable subrogation does not give Commercial Savings' lien priority over that of the IRS. Equitable subrogation applies in situations where a lien holder pays a prior lien without discovering a subsequent, intervening lien. In the case at bar, Commercial Savings knew of the IRS's intervening lien. Equitable subrogation also does not apply when a party failed to follow reasonable practices to protect their interests. In the present case,

4

Commercial Savings waited over a year to file a lien, and thus did not follow reasonable practices to secure a priority lien.

Equitable subrogation is used to prevent unjust enrichment, and that is not at issue in this case. The IRS was not unjustly enriched by Commercial Savings' payment because although there was an intervening lien, the IRS itself was the intervener, so the Bank did not confer a benefit upon a third party which would entitle it to equitable subrogation for the payment. The allegations by the Bank complain of misrepresentation by the United States. However, they do not relate to equitable subrogation.

**III. Conclusion**

For the reasons stated herein, Commercial Savings' Motion to set aside the lien of Internal Revenue Service is hereby denied (Doc. 3).

IT IS SO ORDERED.

  s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE