IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID FULTON, Administrator of the
Estate of Deborah Cunningham,

                Plaintiff,         Case No. 3:08 CV 306

-vs-

                              MEMORANDUM OPINION
GREG FULTON, et al.,                       AND ORDER

                Defendant.

KATZ, J.

This matter is before the Court on The Commercial Savings Bank's motion for reconsideration (Doc. 11) of the Court's May 21, 2008 memorandum opinion (Doc. 9) denying Commercial Savings' motion (Doc. 3) to set aside or vacate a lien held by the Internal Revenue Service on the property owned by Ledo, Inc. (Deborah Cunningham and David Fulton).

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion made under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991); *Shivers v. Grubbs*, 747 F. Supp. 434 (S.D. Ohio 1990). The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). This rule gives the district court the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982). Generally, there are three major situations which justify a district court altering or amending its judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not

available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice." *In re Continental Holdings, Inc.*, 170 B.R. 919, 933 (Bankr. N.D. Ohio 1994); *Braun v. Champion Credit Union*, 141 B.R. 144, 146 (Bankr. N.D. Ohio 1992), *aff'd*, 152 B.R. 466 (N.D. Ohio 1993); *In re Oak Brook Apartments of Henrico County, Ltd.*, 126 B.R. 535, 536 (Bankr. S.D. Ohio 1991). It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal. *Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991); *Erickson Tool Co. v. Balas Collet Co.*, 277 F. Supp. 226 (N.D. Ohio 1967), *aff'd*, 404 F.2d 35 (6th Cir. 1968).

Commercial Savings Bank has moved for reconsideration on the basis that the previous memorandum opinion misstated certain facts. Specifically, the opinion mis-stated that "Commercial Savings waited over a year to file a lien, and thus did not follow reasonable practices to secure a priority lien." In fact, Commercial Savings did not wait a year, filing its lien on August 12, 2003. The Court regrets the discrepancy and acknowledges, as does the IRS, the time line as stated in the government's brief, Doc. 17 at 2.

However, the Court's decision stands for several reasons. First, the legal implications of the misstated fact were only a secondary, alternative explanation for the opinion's conclusion that equitable subrogation is not applicable to the case at hand. The IRS was holder of both the original lien being paid off and of the intervening lien. When Commercial Savings paid off the April 9, 2002 lien on August 6, 2003, the July 30, 2003 lien had already been filed (contemporaneously with the receipt by Commercial Savings of the letter of July 30, 2003 from the IRS regarding the April 9, 2002 lien). The fact is the July 30, 2003 lien was already filed before Commercial Savings closed its loan to Ledo on August 6, 2003, and before Commercial

2

Savings filed its mortgage interest against Ledo's property on August 12, 2003. The "first in time" doctrine governs the priorities here. The IRS was not unjustly enriched for receiving the payment for its first lien under these circumstances. Equitable subrogation is not a substitute for what other allegations (such as Commercial Savings' complaint of misrepresentation by the IRS) may seek to consider or accomplish.

For these reasons, Commercial Savings' motion for reconsideration is granted in part (with regard to the factual correction) and denied in part (with regard to the judgment). (Doc. 11.)

IT IS SO ORDERED.

                                         s/ *David A. Katz*
                                         DAVID A. KATZ
                                         U. S. DISTRICT JUDGE